UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**LILIANA BARRIOS-███████**                                Case No.: _____

Plaintiff,

v.

**BIG FISH ENTERTAINMENT, LLC; DAN CESAREO;**

**RASHEED J. DANIELS; ROCKY BRONZINO II;**

**AMAZON INC.; AMAZON PRIME VIDEO;**

**PARAMOUNT GLOBAL; VIACOMCBS; BET+;**

**PARAMOUNT+; VH1; DOES 1-10**,

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1.       This action arises from a continuing, evolving, and unlawful commercial exploitation of Plaintiff's identity, likeness, labor, and intellectual property by an enterprise of corporate entities and executives acting in concert for illicit profit. Since the events giving rise to Plaintiff's prior complaint in 2023, new facts have emerged, new parties have been implicated, and new actionable harm has occurred—none of which were adjudicated, or even known, during the pendency of the prior proceeding.

2.       Plaintiff, a former cast member and performer on a nationally televised series produced by Defendant Big Fish Entertainment, was fraudulently induced, misrepresented, and ultimately slandered through a post-termination, revenue-driven scheme involving defamatory edits, forged release documents, wage fraud, and unauthorized syndication and monetization of her identity.

1

3. This complaint alleges **new and independently actionable misconduct**, including but not limited to:

• Perjury and fraudulent declarations submitted to this very Court in late 2023 and 2024;

• Embezzlement and misrepresentation of wage information through altered 1099 forms;

• Ongoing misuse and syndication of Plaintiff's image and likeness without consent across Amazon Prime Video, BET+, VH1, and Paramount+, Apple TV, YouTube, et al.

• A retaliatory pattern of racketeering conduct coordinated among new defendants including Amazon Inc. and its subsidiaries, following their acquisition of key entities involved in Plaintiff's exploitation.

4. Plaintiff seeks declaratory, injunctive, and monetary relief for ongoing violations of her **federal rights under RICO (18 U.S.C. §§ 1962 et seq.), the Lanham Act (15 U.S.C. § 1125), Civil Rights statutes (42 U.S.C. § 1981), federal wage and labor laws, and the New York Civil Rights Law §§ 50–51**, among others.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as Plaintiff asserts claims under the **Racketeer Influenced and Corrupt Organizations Act (RICO), the Lanham Act, the Fair Labor Standards Act, and 42 U.S.C. § 1981**, along with related state law claims over which the Court has supplemental jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as substantial events giving rise to the claims occurred in this District, Defendants conducted business in this District, and the prior conduct giving rise to newly discovered violations was litigated here.

## III. NON-PRECLUSION OF CLAIMS

### (Affirmative Avoidance of Res Judicata & Estoppel)

7. Plaintiff acknowledges the prior case *Barrios-Contreras v. Big Fish Entertainment et al.*, No. 23-CV-5821 (S.D.N.Y.), was dismissed with prejudice. However, this action is not barred by res judicata, collateral estoppel, or claim preclusion for the following reasons:

8. **New Defendants**: This case introduces newly implicated parties—including Amazon Inc., Amazon Prime Video, Paramount+, BET+, Apple TV, YouTube TV, Pluto TV,

2

Sling TV, Roku TV, Fandango at Home, et al., and individual defendant Rocky Bronzino II—who were neither named nor litigated in the prior action.

9.     **New Causes of Action**: The present complaint alleges new violations under **RICO**, **perjury statutes**, **wire/mail fraud**, **embezzlement**, and **post-filing retaliation**—none of which were adjudicated in the prior case, and many of which occurred **after the** prior complaint was dismissed.

10.     **New Operative Facts**: The false declaration of wages submitted in December 2023 by Defendant Bronzino under penalty of perjury, and the revised conflicting declaration submitted in June 2024, constitute **independently actionable misconduct and** were **not discoverable at the time of the prior action**.

11.     **Continuing Harm**: Defendants continue to syndicate, monetize, and profit from Plaintiff's identity and image without her consent or contractual authority. The harm is **ongoing**, **unremedied**, and exacerbated by new platforms and corporate integrations.

12.     **Distinct Legal Injury**: The financial harm, reputational damage, and constitutional deprivations alleged herein arise from post-dismissal conduct, the involvement of new corporate actors, and continued commercial exploitation far beyond the scope of what was originally alleged in 23-CV-5821.

## IV. PARTIES

13.     **Plaintiff LILIANA "LILY" BARRIOS-CONTRERAS is** an individual domiciled in the State of Texas, a public figure, creative professional, and former employee and cast member of the reality television series *Black Ink Crew Chicago*. Plaintiff's name, likeness, image, and persona have acquired distinct commercial value and constitute intellectual property subject to statutory protection. Plaintiff is the sole owner of her right of publicity under New York and Texas law.

14.     **Defendant BIG FISH ENTERTAINMENT, LLC is** a New York-based television production company engaged in the creation and distribution of unscripted reality content. Big Fish produced *Black Ink Crew Chicago*, where Plaintiff was employed as a cast member. It acted as the originating and operational hub of the racketeering enterprise described herein.

15.     **Defendant DAN CESAREO is** the founder and president of Big Fish Entertainment, residing or conducting business in New York County. Cesareo is a principal actor in the conduct alleged herein, responsible for production directives, wage decisions, public narrative manipulation, and coordination of retaliatory acts.

16. **Defendant RASHEED J. DANIELS is** an executive producer at Big Fish and co-creator of the *Black Ink Crew franchise*. At all relevant times, Daniels exercised direct authority over hiring, firing, storyline manipulation, and participation in the alleged racketeering conduct.

17. **Defendant ROCKY BRONZINO II** is an executive and Senior Vice President of Business Development at Big Fish Entertainment. In 2023 and 2024, Bronzino submitted sworn declarations under penalty of perjury to the U.S. District Court for the Southern District of New York, materially misrepresenting Plaintiff's earnings. These acts are independently actionable and form a key component of the fraud and obstruction claims in this action.

18. **Defendant AMAZON INC.**, a multinational conglomerate headquartered in Seattle, Washington, is the corporate parent of various entertainment and streaming platforms. Amazon acquired control over distribution channels through which Plaintiff's image was rebroadcast and monetized.

19. **Defendant AMAZON PRIME VIDEO is** a digital streaming service operated by Amazon Inc. which, upon information and belief, streamed or continues to stream episodes of *Black Ink Crew Chicago containing* Plaintiff's likeness without consent or compensation.

20. **Defendant PARAMOUNT GLOBAL**, formerly known as ViacomCBS, is a multinational mass media and entertainment conglomerate headquartered in New York, and the former parent company of Big Fish. It licensed, broadcast, or otherwise monetized Plaintiff's work and likeness through various platforms.

21. **Defendant VH1** is a subsidiary of Paramount Global and aired the original television series containing Plaintiff's participation. VH1 actively promoted and rebroadcast episodes involving Plaintiff, including defamatory statements and unauthorized use of her identity.

22. **Defendants BET+ and PARAMOUNT+, Apple TV, YouTube TV, Roku TV, Sling TV, Pluto TV, et al. are** digital streaming platforms operated by corporate affiliates of Paramount Global, and/or partnership through which episodes of *Black Ink Crew Chicago were* distributed or monetized post-termination.

23. **DOE DEFENDANTS 1–10** are currently unidentified individuals and entities who knowingly participated in, facilitated, or benefited from the racketeering, fraud, perjury, and unauthorized syndication alleged herein. Plaintiff will amend this complaint once their identities are confirmed through discovery.

**V. FACTUAL ALLEGATIONS**

**A. Newly Discovered and Post-Dismissal Misconduct**

4

24.     On or about **December 22, 2023**, Defendant **Rocky Bronzino II**, acting on behalf of Big Fish Entertainment, submitted a sworn declaration under penalty of perjury to the Southern District of New York in connection with the prior litigation (23-CV-5821), asserting that Plaintiff was paid **$218,000** for her participation in *Black Ink Crew Chicago*.

25.     That sworn statement was **false**. Defendants had previously issued Plaintiff 1099 tax forms from 2017 through 2021 reflecting only **$116,000** in compensation.

26.     Relying on those 1099s, Plaintiff reported that amount to the IRS, not knowing that over **$102,000** of wages were **unaccounted for**, misreported, or misappropriated.

27.     On or about **June 7, 2024**, Bronzino submitted a revised declaration to the Court, acknowledging the earlier amount was incorrect and revising Plaintiff's earnings to **$168,797.54**—still leaving **$52,797.54** in missing income.

28.     The inconsistent declarations under oath reflect either **intentional perjury**, **fraudulent concealment**, or **gross professional negligence**, each constituting new legal violations that occurred **after the** dismissal of the prior case.

29.     Plaintiff had **no knowledge of this accounting manipulation or its legal implications at** the time of her original complaint and could not have litigated this conduct in the prior action.


**B. Continuing Exploitation of Plaintiff's Identity Post-Termination**

30.     Plaintiff's **image, voice, name, likeness, and recorded performances continued** to be used commercially by Defendants on various platforms—including Amazon Prime Video, Paramount+, BET+, VH1, Apple TV, YouTube TV, Sling TV, Pluto TV—**after the** termination of her employment and **without her consent**.

31.     Defendants used Plaintiff's footage to promote *Black Ink Crew Chicago*, including syndication of defamatory content, in **Season 6, Episode 1**, which aired a fabricated disclaimer falsely stating:

"Producers were unaware that Bri invited Lily. Because of Lily's past racial insensitivity, producers decided last year she was not welcome to participate in the show anymore."

EXHIBIT 1



32.     In truth, Plaintiff had been **invited, Mic'd, filmed, and transported by** producers with full knowledge and pre-approval. The disclaimer was knowingly false, defamatory, and intended to **damage Plaintiff's public reputation and suppress her professional opportunities**.

EXHIBIT 2:



(Bella, Lily, Phor, Van, Bri, Don (behind Bri), Ryan, Jen, and others)

6

33. This false broadcast occurred **after Plaintiff** had terminated her relationship with Big Fish, thus representing a **new tortious act that** was not actionable during the prior suit.

34. Plaintiff never executed any enforceable release granting the right to rebroadcast or monetize her likeness in this fashion. Upon information and belief, any such documents were either forged, misrepresented, or executed under coercion.

35. Defendants have generated substantial **unjust profits from** streaming, advertising, and syndication of Plaintiff's likeness while **excluding her from financial participation**, in violation of New York Civil Rights Law §§ 50–51 and federal publicity statutes.

EXHIBIT 3:





**C. Fraudulent Misrepresentation and Retaliatory Scheme**

36.     In early 2020 and again in 2023, Defendants **misled Plaintiff into** believing she would be reinstated as a regular cast member for *Black Ink Crew Chicago Season* 6.

37.     In reliance on these representations, Plaintiff agreed to travel to Chicago, allowed filming of her arrival, and cooperated in pre-production scheduling under the belief she had been re-hired.

38.     After recording Plaintiff's appearance and capturing her likeness and performance under false pretenses, Defendants instead edited the material to **falsely portray Plaintiff as having "ambushed" the set**, subsequently airing a defamatory storyline.

39.     The entire incident was a **pre-scripted media ambush**, coordinated by production executives and broadcast for commercial gain. Defendants **never intended to** honor any contractual relationship with Plaintiff.

40.     These acts constitute **fraudulent inducement**, **tortious interference with contractual relations**, and **a retaliatory scheme designed** to retaliate against Plaintiff for previously asserting legal rights.


**D. Continuing Enterprise Conduct & Pattern of Racketeering**

41.     Defendants' conduct, individually and collectively, forms part of a **coordinated pattern of racketeering activity**, involving:

•       Mail and wire fraud (18 U.S.C. §§ 1341, 1343) through falsified tax documentation;

•       Obstruction of justice and perjury (18 U.S.C. §§ 1503, 1621) via false declarations;

•       Embezzlement and financial concealment (NYLL §§ 193 et seq.);

•       Exploitation of intellectual property and false advertising (15 U.S.C. § 1125);

•       Misappropriation of Plaintiff's identity in trade (N.Y. Civil Rights Law §§ 50–51);

•       Unlawful retaliation and employment discrimination (FLSA § 215; 42 U.S.C. § 1981).


42.     These predicate acts span multiple years, involve distinct events, and implicate multiple corporate actors across platforms, jurisdictions, and broadcast formats. The

8

enterprise conduct is **ongoing and** structured, with each act contributing to Plaintiff's cumulative harm.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of RICO – 18 U.S.C. §§ 1962(c) and 1962(d))**

**Against All Defendants**

43.     Plaintiff repeats and re-alleges each and every preceding paragraph as if fully set forth herein.

44.     Defendants—acting individually and as part of a coordinated, continuing enterprise—conducted and participated in a pattern of racketeering activity through a network of corporate entities and executives engaged in mail fraud, wire fraud, perjury, and embezzlement, in violation of 18 U.S.C. § 1962(c).

45.     The "enterprise" consists of Big Fish Entertainment, VH1, Amazon Prime Video, Paramount+, BET+, and individual executives including Dan Cesareo, Rasheed Daniels, and Rocky Bronzino II, who collectively operated as a structured association-in-fact, sharing a common purpose to exploit Plaintiff's identity, labor, and likeness for commercial gain.

46.     The predicate acts comprising the pattern of racketeering activity include:

•       Submission of materially false declarations under oath to the U.S. District Court (perjury, 18 U.S.C. § 1621);

•       Misrepresentation of income and earnings via falsified tax records and declarations (mail/wire fraud, 18 U.S.C. §§ 1341, 1343);

•       Concealment or embezzlement of earned wages exceeding $102,000 (financial fraud);

•       Repeated unauthorized use and syndication of Plaintiff's likeness across national platforms (identity theft, wire fraud);

•       Retaliatory misrepresentation designed to injure Plaintiff's business and career (obstruction, retaliation).

47.	These acts occurred over multiple years, across state lines, and through interstate commerce channels including Amazon Prime Video, VH1, and Paramount+, BET+, Apple TV, YouTube, et al., satisfying the continuity and pattern requirements of RICO.

48.	Defendants further conspired to violate RICO in violation of 18 U.S.C. § 1962(d), by agreeing to conceal financial fraud, coordinate defamatory media narratives, and defraud Plaintiff of economic participation in the use of her likeness.

49.	As a direct and proximate result, Plaintiff has suffered financial losses, reputational destruction, and career irreparability.

50.	Plaintiff is entitled to **treble damages**, **attorney fees**, **costs**, and **equitable relief under** 18 U.S.C. § 1964(c).

## SECOND CAUSE OF ACTION

**(Violation of Right of Publicity – NY Civil Rights Law §§ 50-51; Lanham Act § 43(a))**

**Against All Media and Platform Defendants**

51.	Plaintiff repeats and re-alleges each preceding paragraph.

52.	At all relevant times, Plaintiff retained exclusive ownership of her **name, image, voice, likeness, and performance**, each of which constitutes a protectable asset under New York Civil Rights Law §§ 50–51 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.	After her termination, Plaintiff expressly withdrew all consent for use of her likeness. Despite this, Defendants aired her image in **Season 6, Episode 1**, promoted her appearance using false and defamatory narratives, and continued monetizing her likeness through streaming platforms including Amazon Prime Video, BET+, VH1, and Paramount+.

54.	Defendants acted **without consent, without contractual authority**, and in knowing violation of Plaintiff's publicity rights.

55.	The use of Plaintiff's image, name, and likeness falsely implied affiliation, endorsement, and ongoing participation—constituting **false designation of origin and false advertising under** the Lanham Act, 15 U.S.C. § 1125(a).

56.	These actions caused direct reputational damage, economic harm, and mental distress, including exclusion from business opportunities, loss of brand equity, and public defamation.

57.	Plaintiff is entitled to:

- **Injunctive relief barring** continued use of her identity;

- **Statutory and actual damages under** NYCRL § 51 and the Lanham Act;

- **Disgorgement of profits**, **punitive damages**, and attorneys' fees.

## THIRD CAUSE OF ACTION

**(Fraud and Fraudulent Misrepresentation)**

**Against Big Fish, Cesareo, Daniels, and Bronzino**

58.     Plaintiff repeats and realleges the foregoing paragraphs.

59.     Defendants, through their agents and executives, made **knowingly false representations to** Plaintiff concerning:

- Her re-engagement as a full-time participant for *Season 6*;

- Compensation terms and contractual reinstatement;

- The intended use of footage and storyline content;

- The financial records presented in federal litigation.

60.     Plaintiff reasonably relied on those misrepresentations when agreeing to travel, film, and participate in production—acts that she would not have undertaken had the truth been disclosed.

61.     The false promises were made with the **intent to deceive and** induce Plaintiff into generating footage later used in defamatory fashion.

62.     Additionally, Defendants **submitted knowingly false sworn declarations to** the Court in 2023 and 2024, falsely stating Plaintiff's earnings to conceal embezzled wages.

63.     These false representations caused Plaintiff financial harm, emotional distress, reputational injury, and tax exposure.

11

64.     Plaintiff is entitled to **compensatory**, **punitive**, and **equitable relief**, as well as attorney fees and interest.

## FOURTH CAUSE OF ACTION

**(Tortious Interference with Business Relationships and Prospective Economic Advantage)**

**Against All Defendants**

65.     Plaintiff repeats and re-alleges all prior paragraphs.

66.     At all relevant times, Plaintiff maintained valid and enforceable business relationships, industry reputation, and prospective contracts within the entertainment and media sectors.

67.     Defendants were aware of Plaintiff's existing and future commercial opportunities, including brand sponsorships, performance engagements, and affiliate casting deals, all reliant on her professional reputation and control over her public image.

68.     By falsely broadcasting defamatory claims—including that Plaintiff was "unwelcome" due to alleged "racial insensitivity"—and syndicating her likeness post-termination, Defendants **intentionally and maliciously interfered with** her economic relationships.

69.     Defendants' conduct was not justified by any legitimate business interest, and was executed with **actual malice and** a willful intent to harm.

70.     As a direct and proximate result, Plaintiff lost substantial professional opportunities, suffered career stagnation, reputational destruction, and economic loss.

71.     Plaintiff is entitled to compensatory damages, punitive damages, and equitable relief to prevent future interference and restore her standing.

## FIFTH CAUSE OF ACTION

**(Breach of Fiduciary Duty / Wage Theft / Professional Negligence)**

**Against Big Fish, Cesareo, Daniels, Bronzino**

72.     Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

73.     As a performer whose labor was misclassified and misappropriated for commercial profit, Plaintiff was owed a **duty of professional care, contractual honesty, and fiduciary responsibility by** Defendants, particularly those responsible for finance and legal compliance.

74.     Defendants willfully breached these duties by:

- Submitting contradictory sworn wage declarations under oath;

- Withholding or misappropriating earned income exceeding $100,000;

- Issuing inaccurate 1099 forms for IRS reporting;

- Failing to maintain accurate and auditable payroll documentation;

- Knowingly misleading the Court and Plaintiff with false accounting.

75.     Defendant Cesareo, as the ultimate signatory over Big Fish operations and legal representations, owed a non-delegable duty to Plaintiff and to the Court to prevent submission of false information.

76.     Defendant Bronzino, as Business Development SVP, assumed personal responsibility by submitting declarations materially misrepresenting Plaintiff's earnings under penalty of perjury.

77.     The breach of duty caused Plaintiff:

- Tax liability based on inaccurate documents;

- Financial loss of unremitted wages;

- Emotional distress, reputational injury, and economic harm.

78.     Plaintiff seeks **full restitution**, **compensatory damages**, **attorney's fees**, and **punitive damages under** NY Labor Law §§ 193, 209, 215, and applicable common law fiduciary principles.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

1.    **Treble damages under** 18 U.S.C. § 1964 for RICO violations;

2.    **Statutory damages and disgorgement of profits under** NY Civil Rights Law §§ 50–51;

3.    **Actual and punitive damages for** defamation, fraud, and tortious interference; no less then 15,000,000

4.    **Compensatory damages for** wage theft, tax exposure, emotional distress, and loss of career opportunities;

5.    **Declaratory and injunctive relief prohibiting** Defendants from using or broadcasting Plaintiff's image, likeness, or name without written consent;

6.    **Restitution** of misappropriated funds and withheld compensation;

7.    **Attorney's fees and costs pursuant** to statute and equity;

8.    **Any further relief this** Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

*[signature: Lily B]*

Respectfully submitted,

**LILIANA BARRIOS-**▬▬▬▬▬

 6643 San Pedro, San Antonio, Tx 78216

Lbarrios9@student.alamo.edu

14

██████████

**Dated: 04/15/2025**

**Filed in United States District Court, Southern District of New York**