**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Liliana Barrios-Contreras**,         CaseNo.  1:25-cv-03203-UA

Plaintiff,

v.

**Big Fish Entertainment LLC, Dan Cesareo, et al.**,

Defendants.

**RE: Procedural Clarification and Notice of Material Distinctions from Stayed Arbitration Order in 1:23-cv-05821-JGLC**

**To the Honorable Chief Judge Swain, the Clerk of Court, or Any Assigned Judge:**

I respectfully submit this letter to provide a good faith procedural clarification regarding the above-captioned matter, which was recently filed and assigned docket number 1:25-cv-03203-UA. This action arises from a series of newly discovered and independently actionable events that are **not covered by the arbitration stay entered in** *Barrios-Contreras v. Big Fish Entertainment LLC*, Case No. 1:23-cv-05821-JGLC.

At the time this complaint was filed, I was under the reasonable belief that the prior action had been dismissed in its entirety. I have since learned that the Court's August 15, 2024 Order (ECF No. 71 in 1:23-cv-05821) **granted the defendants' motion to compel arbitration** and **stayed the matter**, rather than dismissing it. Upon realizing this, I conducted a thorough review of the order and its scope and now submit this letter to clarify the basis of the newly filed complaint and distinguish it from the previously stayed matter.

This new action is not a re-litigation of the stayed case. It includes:

•       **Claims that are factually and temporally distinct**, including continuing and post-contractual misconduct;

•       **Newly discovered evidence**, including fraudulent concealment and retaliatory acts carried out by individuals not previously named;

- **Causes of action outside the scope of any arbitration clause**, including **civil RICO under 18 U.S.C. § 1962**, fraudulent misrepresentation, enterprise corruption, right of publicity violations, and tortious interference;

- **New parties who** are not subject to the arbitration agreement and whose conduct occurred **independently** of any prior contractual relationship;

- Conduct that implicates the **public interest**, the **integrity of judicial process**, and involves **civil conspiracy and professional misconduct** that could not have been reasonably anticipated or addressed at the time of the prior action.

Moreover, claims against several individuals—such as Rasheed Daniels, Max Miller, and other co-conspirators—were previously dismissed **without prejudice under** Rule 4(m). Their inclusion in the present complaint is procedurally proper and necessary to fully litigate the scope of the alleged criminal enterprise and the damage inflicted on the Plaintiff's personal and professional life.

No summons has been issued or served in this matter, and I am fully prepared to comply with any procedural directives the Court may issue. This letter is submitted in the interest of transparency and to ensure the Court is apprised of the factual and legal distinctions between this matter and the stayed case.

Should the Court wish to address this issue formally, I am ready to file a motion for clarification or to appear for a status conference to discuss whether any portion of the newly filed claims should be stayed, bifurcated, or otherwise coordinated with arbitration proceedings. However, I respectfully submit that the majority of claims in this matter fall outside the scope of the arbitration order and concern **non-contractual misconduct, systemic abuse of power, and continuing harm**, all of which require judicial oversight.

I appreciate the Court's attention to this matter and welcome further guidance at the Court's discretion.

Respectfully,

**/s/ Liliana Barrios-Contreras**

Pro Se Plaintiff

6643 San Pedro Ave, San Antonio, Texas 78216

LILOBARRIOS93@GMAIL.COM

726-220-1785